AO 245B (Rev 12/03)  Judgment in a Criminal Case
    Sheet 1

# United States District Court
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| UNITED STATES OF AMERICA<br>V.<br><u>Willie Battise, Jr.,</u><br><u>aka "Silk"</u> | JUDGMENT IN A CRIMINAL CASE<br><br>Case Number:  <u>CR607-00031-010</u><br><br>USM Number:  <u>06018-021</u><br><br><u>Amit M. Navare</u><br>Defendant's Attorney |
|---|---|

## THE DEFENDANT:

[X]  pleaded guilty to Count <u>2</u>.
[ ]  pleaded nolo contendere to Count(s) _ which was accepted by the court.
[ ]  was found guilty on Count(s)_ after a plea of not guilty.

The defendant has been convicted of the following offense(s):

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 513 | Possession of a counterfeit state security | August 29, 2003 | 2 |

   The defendant is sentenced as provided in pages 2 through <u>5</u> of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]  The defendant has been found not guilty on count(s)___.
[X]  Counts <u>1, 3, and 4</u> are dismissed on the motion of the United States.


   It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

June 26, 2009
Date of Imposition of Judgment

_(signature)_
Signature of Judge

William T. Moore, Jr.
Chief Judge, U.S. District Court
Name and Title of Judge

JUNE 29, 2006
Date

AO 245B (Rev 12/03) Judgment in a Criminal Case:                                                                                                                             Judgment-Page 2 of 5
Sheet 4 - Probation

**DEFENDANT: Willie Battise, Jr., aka "Silk"**
**CASE NUMBER: CR607-00031-010**

## PROBATION

The defendant is hereby sentenced to probation for a term of <u>3 years</u>.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.

[ ]      The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

[X]      The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable.)

[X]      The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

[ ]      The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

[ ]      The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement; and

14) Any possession, use, or attempted use of any device to impede or evade drug testing shall be a violation of probation.

DEFENDANT: Willie Battise, Jr., aka "Silk"
CASE NUMBER: CR607-00031-010

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall participate in a program of testing for drug and alcohol abuse and, if the Court determines it is necessary, the defendant shall participate in a program of treatment for drug and alcohol abuse.

2. The defendant shall reside in a residential reentry center for a period of six (6) months and shall observe the rules of that facility, which include the requirement that he contribute a percentage of his gross weekly pay to the cost of his stay at that facility.

3. The defendant shall comply with the conditions of home confinement with electronic monitoring for a period of six (6) months, to commence immediately following release from the residential reentry center. During this time, the defendant will remain at his place of residence at all times and shall not leave except when such leave is approved in advance by the probation officer. The defendant will maintain a telephone at his place of residence without special services, including but not limited to, call forwarding, caller ID, call waiting, a modem, or cordless telephones, for the above period. At the direction of the probation officer, the defendant shall wear an electronic monitoring device and follow electronic monitoring procedures specified by the probation officer. The cost of electronic monitoring shall be paid by the defendant in an amount to be determined by the probation officer, based on ability to pay or availability of third-party payment.

4. The defendant shall complete 150 hours of community service after he has completed both his 6-month residency in the residential reentry center and his 6-month period of home detention.

5. The defendant shall earn his General Educational Development diploma during his term of probation.

6. The defendant shall provide the probation officer with access to any requested financial information. The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless the defendant is in compliance with the installment payment schedule.

7. The defendant shall submit his person, residence, office, or vehicle to a search conducted by the United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation. The defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

## ACKNOWLEDGMENT

Upon finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.


(Signed)  _____          _____
          Defendant                                 Date


          _____          _____
          U. S. Probation Officer/Designated Witness    Date

AO 245B (Rev 12/03) Judgment in a Criminal Case:                                  Judgment-Page 4 of 5
    Sheet 5 - Criminal Monetary Penalties

**DEFENDANT:** Willie Battise, Jr., aka "Silk"
**CASE NUMBER:** CR607-00031-010

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **Totals:** | $100 | $0 | $7,000 |

[ ] The determination of restitution is deferred until ____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such a determination.

[X] The defendant must make restitution (including community restitution) to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| Zurich Insurance<br>7045 College Boulevard<br>Overland Park, Kansas 66211<br>(Claim No. 1090017366)<br>(VIN 1FMZU63E02UA39426) | $7,000.00 | $7,000.00 | |
| **Totals:** | $7,000.00 | $7,000.00 | |

[ ]     Restitution amount ordered pursuant to plea agreement     $ _____

[ ]     The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default pursuant to 18 U.S.C. § 3612(g).

[X]     The court determined that the defendant does not have the ability to pay interest and it is ordered that:

       [X]     The interest requirement is waived for the     [ ] fine     [X] restitution.
       [ ]     The interest requirement for the     [ ] fine     [ ] restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B  (Rev 12/03) Judgment in a Criminal Case:  
    Sheet 6 - Criminal Monetary Penalties

Judgment-Page 5 of 5

DEFENDANT: Willie Battise, Jr., aka "Silk"  
CASE NUMBER: CR607-00031-010

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A [X]    Lump sum payment of $ 100 due immediately, balance due

        [ ] not later than ___; or  
        [X] in accordance with   [X] C,  [ ] D,  [ ] E, and  [X] F below; or

B [ ]    Payment to begin immediately (may be combined with  [ ] C,  [ ] D, or  [ ] F below); or

C [X]    Payment in equal _monthly_ installments of $234 over a period of 30 months, to commence 30 days after the date of this judgment; or

D [ ]    Payment in equal _ (e.g., weekly, monthly, quarterly) installments of $_ over a period of __ (e.g., months or years), to commence _(e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E [ ]    Payment during the term of supervised release will commence within __ (eg., 30 or 60 days) after release from imprisonment. the court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F [X]    Special instructions regarding the payment of criminal monetary penalties:  
Payments are to be made payable to the Clerk, United States District Court, for disbursement to the victim.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.  
The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[X]    Joint and Several  
        Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate:

        Willie Battise CR607-00031-010  
        Leon Patterson CR607-00031-001

[ ]    The defendant shall pay the cost of prosecution.

[ ]    The defendant shall pay the following court cost(s):

[ ]    The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment; (2) restitution principal; (3) restitution interest; (4) fine principal; (5) fine interest; (6) community restitution; (7) penalties, and (8) costs, including cost of prosecution and court costs.